IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KHALED AL HAJ, | § | |
| | § | |
|    Movant, | § | |
| | § | |
| V. | § | Civil Action No. 4:18-cv-808-O |
| | § | (Criminal No. 4:16-cr-243-O (1)) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
|    Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Khaled Al Haj ("Al Haj") has filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(2). Rule 60(b) Mot., ECF No. 36. For the reasons stated below, the Court finds the Rule 60(b) motion constitutes a successive § 2255 motion that must be dismissed without prejudice for lack of jurisdiction.

## I.   Underlying Conviction and § 2255 Motion

After trial to a jury and verdict of guilty entered in February 2017, Al Haj was convicted in a July 2017 Judgment of conspiracy to distribute a controlled substance and a controlled substance analogue in violation of 21 U.S.C. § 846, and sentenced to a term of 180 months' imprisonment. Jury Verdict 1-2, Judgment, 1-4, *United States v. Al Haj*, No. 4:16-cr-243-O(1), ECF Nos. 198 and 471. Al Haj filed a direct appeal, but the Court of Appeals for the Fifth Circuit rejected his claims and affirmed his conviction and sentence. *United States v. Al Haj*, 731 F. App'x 377, 379 (5th Cir. 2018). Al Haj then sought relief in a § 2255 motion opened in this civil case number 4:18-cv-808-O. Mot. Vacate, ECF No. 1. By Order and Final Judgment entered on February 23, 2021, Al Haj's § 2255 motion was denied. ECF Nos 22, 23. Although Al Haj filed a notice of appeal, the Fifth Circuit denied his request for a certificate of appealability. *United States v. Al Haj*, No. 21-10293 (5th Cir. Feb. 22, 2022).

1

## II.     Al Haj's Motion under Rule 60(b)

In the motion for relief from judgment under Rule 60(b)(2), Al Haj now contends that "this Court should set aside the judgment previously entered in this matter on February 1, 2017 (actual date of jury verdict) and reset this matter for a new trial because there is crucial newly discovered evidence that if presented in this matter, would likely change the result in the Al Haj matter." Rule 60(b) Mot. 1, ECF No. 36. Al Haj also asserts that he is directly challenging his convictions under the controlled substances act and the controlled substance analogue acts. *Id.* He claims that there is new evidence that laboratory results were suppressed and that the new evidence would show actual innocence. *Id*. at 2.

## III.    Law Applicable to Rule 60 Motions Following § 2255 Proceedings

The Fifth Circuit has held that "motions that federal prisoners purportedly bring under Rule 60(b), but which essentially seek to set aside their conviction on constitutional grounds," should be treated as § 2255 motions. *United States v. Rich*, 141 F.3d 550, 551 (5th Cir. 1998) (noting there is a "trend among circuit courts to look beyond the formal title affixed to a motion if the motion is a functional equivalent of a motion under § 2255") (citations omitted)). More recently the Fifth Circuit explained that "[a] Rule 60(b) motion raising new substantive claims or attacking the merits-based resolution of prior § 2255 claims should be construed as a successive § 2255 motion." *United States v. Fleming*, 734 F. App'x 298, 299 (5th Cir. 2018) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 529-31 (2005)). In *Gonzalez*, the Supreme Court held that a Rule 60(b) motion for relief from judgment in a habeas case brought under 28 U.S.C. § 2254 is properly characterized as a second or successive petition subject to 28 U.S.C. § 2244(b), if, among other things, it "seeks to add a new ground for relief." *Gonzalez,* 545 U.S. at 530-32. Although *Gonzalez* only addresses the extent to which Rule 60(b) applies to cases under § 2254, the rationale of Gonzalez applies to review of a Rule 60(b) motion filed subsequently to the

resolution of a motion under § 2255. *See United States v. Bell*, 369 F. App'x. 610, 611 (5th Cir. 2010) (per curiam) ("A Rule 60(b) motion filed in a collateral proceeding should be construed as a successive § 2255 motion, even where the motion seeks to raise a claim based on a change in the law") (citing *Gonzalez*, 545 U.S. at 531-32, and *Rich*, 141 F.3d at 551-53)). The *Gonzalez* Court gave three examples of motions that are in substance successive habeas petitions subject to pre-certification under 28 U.S.C. § 2244(b): "first, a motion seeking leave to bring a new claim of constitutional error that was previously omitted due to 'excusable neglect'; second, a motion seeking leave to present newly discovered evidence in support of a claim previously argued; and third, a motion seeking relief based on a subsequent change in substantive law." *Jackson v. Lumpkin*, 25 F.4th 339, 340-41 (5th Cir. 2022) (citing *Gonzalez*, 545 U.S. at 530–31).

On the other hand, there are only narrow circumstances in which a district court may entertain a Rule 60 motion in a § 2254 or § 2255 proceeding. As described in *Gonzalez*, a true Rule 60 motion is one that either (1) challenges only a procedural ruling of the habeas court that precluded a determination on the merits of the habeas application; or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition. *Id.* at 532 and nn.4 & 5; *see also United States v. Hernandes*, 708 F.3d 680, 681-82 (5th Cir. 2013).

### IV.   Application of Law to Review of Al Haj's Rule 60(b) Motion

The arguments in Al Haj's Rule 60(b) motion do not challenge a procedural ruling that precluded merits review or the integrity of the prior § 2255 proceedings. Instead, his Rule 60(b) motion presents nothing more than prohibited merits-based challenges to his conviction. *See Hernandes*, 708 F.3d at 682 (finding that "Rule 60(b) motion is, in fact, a § 2255 motion in disguise . . .because it is precisely the sort of prohibited motion that 'attacks the federal court's previous resolution of a claim *on the merits*'") (quoted cases omitted) (emphasis in original)).

3

Here, Al Haj raises new challenges to his underlying criminal conviction. Thus, Al Haj's arguments are grounded in substance, not procedure, and, "in effect, [he] asks for a second chance to have the merits determined favorably." *Preyor v. Davis*, 704 F. App'x 331, 340 (finding Rule 60 motion was properly treated as a successive habeas petition). Under these circumstances, Al Haj's grounds do not qualify for review under Rule 60(b).

Consequently, Al Haj's Rule 60(b) motion is the equivalent of a second or successive § 2255 motion, which the court lacks jurisdiction to review absent authorization from the Fifth Circuit. *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A) and (B) (before a § 2255 movant may file a second or successive § 2255 motion in the district court, a three-judge panel of the appropriate court of appeals must determine whether the movant makes the requisite prima facie showing).

V.  **Order**

It is therefore **ORDERED** that Khaled Al Haj's January 26, 2023 motion seeking relief under Federal Rule of Civil Procedure 60(b)(2) (ECF No. 36) is construed as a successive motion for relief under 28 U.S.C. § 2255.

It is further **ORDERED** that the successive § 2255 motion is **DISMISSED without prejudice** for lack of jurisdiction to Al Haj seeking leave to file a successive § 2255 motion from the United States Court of Appeals for the Fifth Circuit. *See* 28 U.S.C. § 2255(h)(1) and 28 U.S.C. § 2244(b)(3)(A) and (b).

It is further **ORDERED** that, pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court denies a certificate of appealability. In light of the rulings in this case, the court concludes that Al Haj has failed to show (1) that reasonable jurists would find this court's "assessment of the

constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

**SO ORDERED** this **23rd day** of **June, 2023.**

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**